**MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP**
3 Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
(973) 622-7711
Attorneys for Defendant, The Guardian Life Insurance Company of America, improperly pleaded as "Guardian Life Insurance Co."

By:_____
        Robert L. Ghelli

| | |
|---|---|
| **NORTH JERSEY BRAIN & SPINE CENTER,** | : **UNITED STATES DISTRICT COURT** : **FOR THE DISTRICT OF NEW JERSEY** |
| **Plaintiff,** | : : **CIVIL ACTION NO 2:10-cv-05730** : |
| **vs.** | : : |
| **GUARDIAN LIFE INSUARNCE CO.,** | : : |
| **Defendant.** | : : : |

---

## CIVIL ACTION – BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AND JURY DEMAND OF THE PLAINTIFF

---

Steven P. Del Mauro,
Robert L. Ghelli
Of Counsel And
On The Brief

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................................i

**PREFATORY STATEMENT AND STATEMENT OF FACTS**...........................1

**LEGAL ARGUMENT** ....................................................................................3

    **POINT I** ...............................................................................................3

        THE CLAIMS AGAINST THE DEFENDANT SHOULD BE DISMISSED AS
        THEY ASSERT STATE LAW CAUSES OF ACTION THAT ARE PREEMPTED
        BY ERISA .........................................................................................3

    **POINT II** ..............................................................................................10

        NJBSC'S CLAIMS FOR DAMAGES, OTHER THAN THOSE PERMITTED
        BY ERISA, SHOULD BE STRICKENSION ...............................................10

    **POINT III**.............................................................................................17

        NJBSC'S DEMAND FOR A TRIAL BY JURY SHOULD BE STRICKEN.......17

**CONCLUSION** ............................................................................................19

## TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers,
968 F.2d 401, 406 (3d Cir.1992) ....................................................................................... 9

Acevedo v. Monsignor Donovan High School,
420 F. Supp. 2d 337 (D.N.J. 2006)................................................................................... 2

Aetna Health Inc. v. Davila,
542 U.S. 200 (2004) ..............................................................................................4, 14, 15

Alessi v. Raybestos-Manhattan,
451 U.S. 504 (1981) .....................................................................................................7, 8

Allis-Chalmers Corp. v. Lueck,
471 U.S. 202 (1985) ........................................................................................................ 6

Alston v. Atlantic Electric Company,
962 F. Supp. 616 (D.N.J. 1997)....................................................................................3, 4

Barber v. Unum Life Insurance Company of America,
383 F.3d 134 (3d Cir. 2004) ......................................................................................... 15

Benevenuto v. Connecticut General Life Insurance Co.,
643 F. Supp. 87 (D. N.J. 1986)....................................................................................... 9

Benvenuto v. Connecticut General Life Insurance Company,
678 F. Supp. 469 (D.N.J. 1988)..................................................................................... 16

Berry v. Ciba-Geigy Corp.,
761 F.2d 1003 (4th Cir.1985) ....................................................................................... 18

Blau v. Del Monte Corp.,
748 F.2d 1348 (9th Cir.1984) ....................................................................................... 18

Boggs v. Boggs,
520 U.S. 833 (1997) ..................................................................................................... 12

Borst v. Chevron Corp.,
36 F.3d 1308 (5th Cir. 1994), cert. den., 514 U.S. 1066 (1995).................................... 18

In re Burlington Coat Factory Securities Litigation,
114 F.3d 1410 (3d Cir. 1997) ......................................................................................... 2

Bush v. RMS Insurance,
No. 08-1133, 2008 WL 1808307 (D.N.J. Apr. 21, 2008)............................................5,

Calamia v. Spivey,
632  F.2d 1235 (5th Cir.1980) ................................................................................18

Cannon v. Scheller,
825 F. Supp. 722 (E.D.Pa. 1993)..............................................................................9

Cox v. Keystone Carbon Company,
861 F.2d 390 (3d Cir. 1988) .............................................................................16, 17

Daniel v. Eaton Corp.,
839 F.2d 263 (6th Cir.), cert. den., 488 U.S. 826 (1988).........................................18

DiFelice v. Aetna U.S. Healthcare,
346 F.3d 442 (3d Cir. 2003) ..................................................................................16

Egelhoff v. Egelhoff,
532 U.S. 141 (2001) ...............................................................................................5

FMC Corp. v. Holliday,
498 U.S. 52 (1990) .................................................................................................5

Gramm v. Bell Atlantic Management Pension Plan,
983 F. Supp. 585 (D.N.J. 1997)..............................................................................16

Great-West Life & Annuity Insurance Co. v. Knudson,
534 U.S. 204 (2002) .............................................................................................15

Henry v. Black & Decker Inc.,
779 F. Supp. 778 (D.N.J. 1991)............................................................................5, 8

Howard v. Parisian, Inc.,
807 F.2d 1560 (11th Cir.1987) ...............................................................................18

Hurley v. Atlantic City Police Department,
174 F.3d 95 (3d Cir. 1999) ....................................................................................20

Ingersoll-Rand Co. v. McClendon,
498 U.S. 133 (1990) .........................................................................................4, 5, 9

Inlandboatmens Union of the Pacific v. Dutra Group,
279 F.3d 1075 (9th Cir. 2002) .................................................................................2

iii

John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank,
510 U.S. 86, 99 (1993) ......................................................................................... 12

Katsaros v. Cody,
744 F.2d 270 (2d Cir.), cert. denied, 469 U.S. 1072 (1984) ............................... 18

Killian v. Johnson & Johnson,
No. 07-4902, 2008 WL 320533 (D.N.J. Jan. 29, 2008) ...................................... 18

Malone v. White Motor Corp.,
435 U.S. 497 (1978) ............................................................................................... 6

Massachusetts Mutual Life Insurance Co. v. Russell,
473 U.S. 134 (1985) ................................................................................... 13, 14, 15

Mertens v. Hewitt Associates,
508 U.S. 248 (1993) ..................................................................................... 3, 14, 15

Metropolitan Life Insurance Co. v. Taylor,
481 U.S. 58 (1987) ................................................................................... 4, 5, 7, 8, 9

Nevill v. Shell Oil Co.,
835 F.2d 209 (9th Cir.1987) ................................................................................ 18

Our Lady of Lourdes Health System v MHI Hotels, Inc. Health and Welfare
Fund,
2009 WL 4510130  (D.N.J. Dec. 1, 2009) .............................................................. 9

Pane v. RCA Corp.,
868 F.2d 631 (3d Cir. 1989) ...................................................................... 4, 16, 17

Pilot Life Insurance Co. v. Dedeaux,
481 U.S. 41 (1987) ........................................................... 3, 5, 6, 7, 8, 12, 13, 15

Retail Clerks v. Schermerhorn,
375 U.S. 96, 103 (1963) .......................................................................................... 6

Shaw v. Delta Airlines, Inc.,
463 U.S. 85 (1983) ........................................................................................... 5, 7, 8

Shiffler v. Equitable Life Assurance Society,
838 F.2d 78 (3d Cir. 1988) ........................................................................... 4, 8, 9

Tango Transport v. Healthcare Financial Services,
322 F.3d 888 (5th Cir. 2003) ............................................................................ 11

<u>Tortoro v. H.A. De Hart & Son, Inc. Employee Stock Ownership Plan and Trust</u>,
No. 92-3449, 1994 WL 114562 (D.N.J. Mar. 29, 1994), <u>aff'd</u> 39 F.3d 1171 (3d
Cir. 1994)................................................................................................................16

<u>Turner v. CF & I Steel Corp.</u>,
770 F.2d 43 (3d Cir.1985) .................................................................................17, 18

<u>In re Vorpahl</u>,
695 F.2d 318 (8th Cir.1982) .....................................................................................18

<u>Wardle v. Central States Pension Fund</u>,
627 F.2d 820 (7th Cir.1980), <u>cert. denied</u>, 449 U.S. 1112 (1981)................................18

<u>Wayne Surgical Center LLC v. Concentra Preferred Sys., Inc.</u>,
No. 06-928, 2007 WL 2416428 (D.N.J. Aug. 20, 2007).............................................11

<u>Wood v. Prudential Insurance Company of America</u>,
207 F.3d 674 (3d Cir. 2000), cert. denied (2000)......................................................15

## **STATUTES, RULES & OTHER AUTHORITIES**

29 U.S.C. § 1001 ......................................................................................................3

29 U.S.C. § 1002 ......................................................................................................4

U.S.C. § 1003 ...........................................................................................................5

29 U.S.C. § 1109 ....................................................................................................13

29 U.S.C. § 1132 .............................................................................................*passim*

29 U.S.C. § 1144 .............................................................................................4, 5, 6, 9

Fed. R. Civ. P. 12(b)(6) ......................................................................................3, 10

## PREFATORY STATEMENT AND STATEMENT OF FACTS

Defendant, The Guardian Life Insurance Company of America, improperly pleaded as "Guardian Life Insurance Co." ("Guardian") submits this brief in support of its motion to dismiss the Complaint and jury demand of the Plaintiff, North Jersey Brain & Spine Center ("NJBSC"). As set forth more fully below, the causes of action asserted in the complaint against Guardian are state law causes of action which are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461, and thus fail to state a claim upon which relief can be granted against the defendant.

The Complaint alleges that NJBSC is "an 'out of network' medical practice that provides various medical services to subscribers and/or their dependents enrolled in the healthcare plans operated, controlled and/or administered by the defendant" (Complaint ¶1).   NJBSC further alleges that it provided the Guardian subscriber/dependent, identified as "R.W.", "medically necessary" surgical procedures which were "authorized by Guardian" and that "Guardian agreed to compensate NJBSC its usual and customary (U & C) fee for the medical services provided" (Complaint ¶2 & 3).   NJBSC also alleges Guardian failed to pay the U & C fee for the medical services provided to R.W. (Complaint ¶6).   The Complaint is brought in four counts asserting various causes of action against Guardian including promissory estoppel (First Count), negligent misrepresentation (Second Count), unjust enrichment (Third Count), and breach of contract (Fourth Count).

Guardian issued a policy of group insurance bearing no. G-256357-DG to VRH Construction Corp. ("VRH"), which group policy provides, *inter alia*, major medical and health insurance benefits to certain eligible employees and dependents of VRH such as R.W.   VRH established and maintained an employee welfare benefit plan ("Plan") within the meaning of the

Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. §1001, et. seq. The policy of group insurance funds, in whole or in part, the employee welfare benefit plan established and maintained by VRH.[1]

The gravamen of the dispute is that Guardian did not pay the U & C fee to an out of network provider as determined by the Plan for services provided to R.W. under the Plan.

NJBSC's Complaint seeks relief against Guardian that is not permitted by ERISA's exclusive civil enforcement scheme, 29 U.S.C. § 1132. The Complaint asserts state law causes of action that are preempted by ERISA or, for the reasons set forth *infra*, are not cognizable against Guardian as a matter of law. Further, the Complaint improperly seeks to recover damages which are not permitted by ERISA's comprehensive and exclusive remedies. As such, Guardian respectfully submits that the Complaint be dismissed for failure to assert cognizable claims under ERISA. If however, this Court does not dismiss the complaint, in the alternative, Guardian respectfully submits that all claims for relief, other than those permitted by ERISA's exclusive civil enforcement scheme, should be dismissed.

---

[1] Although Plaintiff did not attach a copy of the plan document to their Complaint, the plan document is implicit to the Complaint and is integral to Plaintiff's allegations that NJBSC is entitled to receive benefits. It is therefore properly before this Court on this motion to dismiss. Inlandboatmens Union of the Pacific v. Dutra Group, 279 F.3d 1075, 1083 (9th Cir. 2002); see also In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that a "document integral to or explicitly relied upon in the complaint" may be considered on a motion to dismiss); Acevedo v. Monsignor Donovan High School, 420 F. Supp.2d 337, 340 (D.N.J. 2006) (on a motion to dismiss, the court may consider "all documents that are integral to or explicitly relied upon in the complaint"). Defendant should be allowed to produce a copy of the Plan document in advancing its ERISA preemption argument since Plaintiff refers to the recovery of plan benefits in its complaint. As such, attached are Plan documents effective April 1, 2006, (Exhibit A) and Plan documents effective February 1, 2008 (Exhibit B).

## LEGAL ARGUMENT

## POINT I

## THE CLAIMS AGAINST THE DEFENDANT
## SHOULD BE DISMISSED AS THEY ASSERT STATE LAW
## CAUSES OF ACTION THAT ARE PREEMPTED BY ERISA

Under FED.R.CIV.P. 12(b)(6), the Complaint should be dismissed as to Guardian as it asserts state law causes of action and claims which are preempted by ERISA. A product of a decade of congressional studies, ERISA is a comprehensive statute that Congress enacted to exclusively regulate the field of employee benefit plans. Mertens v. Hewitt Associates, 508 U.S. 248 (1993). ERISA has been called "the most sweeping federal preemption statute ever enacted by Congress." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 (1987); see also this Court's decision in Alston v. Atlantic Electric Company, 962 F. Supp. 616, 622 (D.N.J. 1997) (ERISA contains a sweeping preemption clause").

When ERISA was enacted, Congress set out to establish a comprehensive scheme to regulate employee welfare benefit plans and, as such, declared it to be the primary purpose of ERISA to:

> Protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions and ready access to the Federal Courts.

29 U.S.C. § 1001(b). Both the Supreme Court and the Third Circuit have held that when a cause of action asserts a claim relating to an employee benefit plan, it is governed by ERISA's civil enforcement provision, 29 U.S.C. § 1132, and ERISA completely preempts any and all state law

claims. See e.g. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, (1987); Shiffler v. Equitable Life Assurance Society, 838 F.2d 78 (3d Cir. 1988).

ERISA also expressly preempts any and all state laws which relate to an employee welfare benefit plan. 29 U.S.C. § 1144. Pursuant to 29 U.S.C. § 1002(1), an "employee welfare benefit plan" is defined as:

> Any plan, fund or program … established or maintained by an employer or by an employee organization … for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident or disability…

A state law "relates to" an employee benefit plan if it has a connection with or reference to such a plan. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142, (1990). The Third Circuit, pursuant to Supreme Court instruction holds that ERISA preempts state law in a "deliberately expansive" manner, and the phrase "relate to" should be "construed broadly." Pane v. RCA Corp., 868 F.2d 631 (3d Cir. 1989). In a recent case, this Court reiterated both the Supreme Court's and Third Circuit's holdings:

> Congress enacted ERISA to comprehensively regulate employee welfare benefit plans that "through the purchase of insurance or otherwise, provide medical, surgical or hospital care, or benefits in the event of sickness, accident, disability or death." 29 U.S.C. § 1002(1). **To that end, ERISA contains an expansive, mandatory preemption provision** that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) (holding Texas statute that imposed duty of ordinary care in the handing of coverage decisions was completely preempted by ERISA) [emphasis added].

Bush v. RMS Insurance, No. 08-1133, 2008 WL 1808307, * 2 (D.N.J. Apr. 21, 2008).  See also Pilot Life, 481 U.S. at 45-46; FMC Corp. v. Holliday, 498 U.S. 52, 58, (1990) ("the preemption clause is conspicuous for its breadth").

This Court has held that "[t]he ERISA preemption clause is not limited to 'state laws specifically designed to affect employee benefits plans.'" Alston, 962 F. Supp. at 622.  The Supreme Court has firmly established that a state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." Egelhoff v. Egelhoff, 532 U.S. 141, 147 (2001). 29 U.S.C. § 1144(a) provides:

> Except as provided in sub-section (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate  to any employee benefit plan described in 4(a) [U.S.C. § 1003(b)]…

Section 1144(c)(1) defines the term "State law" to include, "[a]ll laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1 ).

As this Court has soundly held, this section of ERISA "establishes as an area of exclusive federal concern the subject of every state law that 'relates to' an employee benefit plan governed by ERISA." Henry v. Black & Decker Inc., 779 F. Supp. 778, 781 (D.N.J. 1991).   This Court: reasoned:

> The Supreme Court consistently has interpreted the term 'relate to' as embracing a broad spectrum of state laws.  See e.g. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990); Pilot Life, 481 U.S. at 41; Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Shaw, 463 U.S. at 98.  The Court has held that a law relates to an employee benefit plan if it has "a connection with or reference to such a plan." Holliday , 498 U.S. at ---, ((quoting) Shaw, 463 U.S. at 96-97).  Under this broad, common-sense meaning, a state law may "relate to" a benefit plan, and thereby be preempted, even if the law is not designed specifically to affect such a plan. Ingersoll-Rand, 498 U.S. at ---, Pilot Life, 481 U.S. at 47.

Id. at 781-82.

5

In following the plain language of § 1144, the United States Supreme Court has provided clear direction regarding the dismissal of state statutory and common law causes of action. <u>Pilot Life</u>, a case often cited by the Third Circuit and the District Court of New Jersey in addressing ERISA preemption, deserves critical examination because it constitutes the most definitive statement of the preemptive effect and exclusiveness of ERISA in regard to state statutory and common law causes of action. In <u>Pilot Life</u>, the issue before the Court was whether ERISA preempted an insured's suit which asserted causes of action under state common law for failure to provide benefits under a policy of group insurance. <u>Pilot Life</u>, 481 U.S. at 43. The relief sought included damages for mental and emotional distress, punitive damages, exemplary damages and other incidental damage. <u>Id.</u> at 43-44. Pilot Life had issued a policy of group insurance which provided, among other things, total disability benefits to the insured, Dedeaux. <u>Id.</u> at 43. Dedeaux instituted a diversity action against Pilot Life in the United States District Court, Southern District of Mississippi. <u>Id.</u> The insured's complaint alleged causes of action for tortious breach of contract, breach of fiduciary duties and fraud in the inducement. <u>Id.</u> Pilot Life brought a motion for summary judgment to dismiss the state common law causes of action based upon the preemptive provisions contained in ERISA. The District Court ruled in favor of Pilot Life and dismissed the state common law causes of action. The Fifth Circuit Court of Appeals reversed the District Court and the Supreme Court granted *certiorari*. In reversing the Fifth Circuit, the Supreme Court stated:

> [T]he question whether a certain state action is preempted by federal law is one of congressional intent. "The purpose of Congress is the ultimate touchstone." <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 208 (1985), (quoting <u>Malone v. White Motor Corp.</u>, 435 U.S. 497, 504 (1978), (quoting <u>Retail Clerks v. Schermerhorn</u>, 375 U.S. 96, 103 (1963). We have observed in the past that the express preemption provisions of ERISA are

deliberately expansive and designed to "establish pension plan regulation as exclusively a federal concern." Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981). As we explained in Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98 (1983):

> The bill that became ERISA originally contained a limited preemption clause, applicable only to state laws relating to the specific subjects covered by ERISA. The Conference Committee rejected those provisions in favor of the present language, and indicated that section's preemptive scope was as broad as its language. See H.R. Conf. Rep. No. 93-1280, p. 383 (1974); S. Conf. Rep. No. 93-1090, p. 383 (1974).

Pilot Life, 481 U.S. at 45-46.

The Supreme Court, after determining the legislative intent in the enactment of ERISA, then turned to the insured's common law causes of action. The Supreme Court held that the common law causes of action asserted in the complaint "related to" an employee benefit plan and, therefore, fell under ERISA's express preemptive clause. Id. at 47. In so holding, the Supreme Court ruled:

> In both Metropolitan Life, and Shaw v. Delta Air Lines, Inc., at 96-100, we noted the expansive sweep of the preemption clause. In both cases "[t]he phrase 'relate to' was given its broad, common sense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan. " Metropolitan Life, at 739, (quoting) Shaw v. Delta Air Lines, at 97. In particular we have emphasized that the preemption clause is not limited to "state laws specifically designed to affect employee benefit plans." Shaw v. Delta Air Lines, at 98. The common law causes of action raised in Dedeaux's Complaint, each based on an alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meets the criteria for preemption.

Id.

The stated purposes of the preemption provisions of ERISA are, among other things, to provide uniformity throughout the United States, thereby eliminating conflicting or inconsistent

state and local regulation of employee benefit plans.  See Metropolitan Life, 481 U.S. at 58; Alessi v. Raybestos-Manhattan, 451 U.S. 504 (1981).

Regardless of how state causes of action are characterized, the courts have repeatedly given the preemptive provision of ERISA a sweeping scope.  As this Court held in Henry, the plaintiff's common law contract claim was preempted by ERISA.  Henry, 779 F. Supp. at 778. See also Pilot Life, supra (state common law breach of contract, fraud in the inducement, tort and bad faith claim preempted by ERISA); Metropolitan Life v. Taylor, 481 U.S. 58 (1987) (common law breach of contract and tort claims preempted by ERISA).  As illustrated above, the United States Supreme Court's decisions in Pilot Life and Taylor mandate that common law causes of action sounding in breach of contract, breach of fiduciary duty, negligence and fraud are all pre-empted by ERISA.

In Shiffler v. Equitable Life Assurance Soc'y, 838 F.2d 78 (3d Cir. 1988), the Third Circuit held that tort and contract claims, including tortious breach of contract, are pre-empted by ERISA.  The Third Circuit reasoned:

> [t]he Supreme Court has emphasized that the pre-emption clause is not limited to state laws specifically designed to affect employee benefit plans.  Shaw v. Delta Airlines, Inc., 463 U.S. 85, 98 (1983). For example, in Pilot Life  the Court held that the common law causes of action of "tortious breach of contract" and "the Mississippi law of bad faith" were related to the employee benefit plan which was the focus of the litigation and accordingly the claim fell under the ERISA pre-emption clause.  481 U.S. at ---.

> *      *      *

> Thus, while Mrs. Schiffler would have us consider her claims as setting forth state common law causes of action, clearly they "relate to" the employee benefit plans when that phrase is given its broad common sense meaning, for no matter how her action is characterized her goal was to recover the proceeds claimed under the [ERISA plans].  Accordingly, to the extent that Pennsylvania recognizes the causes of action alleged by Mrs. Schiffler against

8

> Westinghouse and the Westinghouse Insurance Plan, her common law claims are pre-empted by ERISA. It therefore followed that the district court had jurisdiction over these claims under 29 U.S.C. § 1132(e)(1) and thus they were properly removed to the district court. Mrs. Schiffler's attempt to plead the case as raising state claims is simply not effective to obviate the necessarily federal character of the action. See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, --- (1987).

Schiffler, 838 F.2d at 81-82. See also Pane, 868 F.2d at 635 (Third Circuit holding that ERISA preempted plaintiff's state law claim for breach of good faith and fair dealing); Benevenuto v. Connecticut General Life Ins. Co., 643 F. Supp. 87 (D.N.J. 1986) (causes of action based upon bad-faith, fraud and intentional infliction of emotional distress all "relate to" the employee benefit plan and are thus all pre-empted by ERISA); Cannon v. Scheller, 825 F. Supp. 722 (E.D.Pa. 1993) (common law causes of action concerning bad faith, fraud and breach of contract are all pre-empted by ERISA).

Here, NJBSC seeks benefits under an ERISA plan established by VRH to provide major medical and health insurance benefits to certain eligible employees and their dependents. There can be no dispute that the relief sought by NJBSC relates to an employee benefit plan. "The Third Circuit instructs that a state law claim relates to an employee benefit plan if 'the existence of an ERISA plan [is] a critical factor in establishing liability' and 'the trial court's inquiry would be directed to the plan.' Our Lady of Lourdes Health System v MHI Hotels, Inc. Health and Welfare Fund, 2009 WL 4510130 * 3 (D.N.J. Dec. 1, 2009), citing 1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401, 406 (3d Cir. 1992) and Ingersoll-Rand Corp. v. McClendon, 498 U.S. 133, 139-40 (1990)). In Our Lady of Lourdes, the court held a hospital's breach of contract claim seeking payment from a health benefits provider was expressly preempted by ERISA § 1144(a) as the court would "be required to direct its inquiry to the ERISA plan." Our Lady of Lourdes Health System, 2009 WL 4510130 * 4.

Likewise, here all of the causes of action asserted by NJBSC would require this Court to interpret the VRH ERISA plan. The NJBSC claims "relate to" an employee benefit plan as defined by ERISA and are preempted by ERISA. As such, the causes of action asserted by NJBSC in its complaint are state law causes of action relating to the Plan at issue, and therefore, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

The instant Complaint filed by NJBSC alleges Promissory Estoppel (First Count), Negligent Misrepresentation (Second Count), Unjust Enrichment (Third Count) and Breach of Contract (Fourth Count). Each count seeks compensatory damages and other relief because of Guardian's failure to make payments. These are unambiguous claims for alleged wrongful denials of benefits under the Plan which are being asserted under state law. The claims "relate to" the Plan and pursuant to the authority set forth above are preempted by ERISA. The authority cited above, when applied to the specific counts alleged in the complaint, mandates the dismissal of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action upon which relief may be granted.

## POINT II

### NJBSC'S CLAIMS FOR DAMAGES, OTHER THAN THOSE PERMITTED BY ERISA, SHOULD BE STRICKEN

The remedial scheme of ERISA is exclusive. NJBSC is a medical provider seeking reimbursement of the U & C fees for medical services provided to R.W. under a Plan established and maintained by VRH pursuant to ERISA. Each count of the NJBSC Complaint seeks "compensatory damages, interest, costs of suit, attorney's fees and such other relief as the Court

deems equitable and just" from Guardian.  As ERISA's exclusive remedy scheme does not permit the recovery of the damages sought in the Complaint, NJBSC's claims for relief outside those permitted by ERISA should be dismissed with prejudice.  ERISA's exclusive remedy scheme, 29 U.S.C. § 1132(a)(1)(B) provides:

> A civil action may be brought - -
>
> (1)    by a participant or beneficiary - - . . .
>
> (B)    to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . .

29 U.S.C. § 1132(a)(1)(B).  While not a participant or beneficiary, health care providers such as NJBSC can assert a claim under this section of ERISA.  See Wayne Surgical Center LLC v. Concentra Preferred Sys., Inc., No. 06-928, 2007 WL 2416428 (D.N.J. Aug. 20, 2007).  In Wayne Surgical Center, this court adopted the view of the majority of Circuit Courts that as an assignee of medical benefits, a medical provider has standing to sue under § 1132(a)(1)(B). Id. at 4 (adopting the reasoning of Tango Transport v. Healthcare Financial Services, 322 F.3d 888 (5th Cir. 2003).  However, the express language of 29 U.S.C. § 1132(a)(1)(B) as cited in whole above permits the recovery of benefits only under the terms of the participant's plan.  There is no provision for the recovery of extra-contractual damages sought by NJBSC such as compensatory damages, interest, costs of suit, attorney's fees and such other relief as the Court deems equitable and just.  Such damages are beyond the scope of the relief permitted under ERISA.

The focus on whether the remedy sought is beyond the scope of remedies available under ERISA constitutes a second form of preemption often referred to as conflict preemption.  "Under the doctrine of conflict preemption, a state law may be preempted to the extent that it actually conflicts with federal law; that is, where it stands as an obstacle to the accomplishment and

execution of the full purposes and objectives of Congress." <u>Boggs v. Boggs</u>, 520 U.S. 833, 841

(1997); <u>John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank</u>, 510 U.S. 86, 99 (1993).

An example of the operation of conflict preemption is evident from the Supreme Court's

decision in <u>Pilot Life</u>.  As previously noted, <u>Pilot Life</u> presented the Court with an issue of

whether a common law claim for bad faith denial of insurance benefits cognizable under

Mississippi common law was preempted by ERISA.  After concluding that the bad faith cause of

action did relate to an ERISA plan and was, thus, expressly preempted, the Court further held

that allowing a beneficiary to maintain such a cause of action arising under state law would

conflict with, and frustrate, Congress's intent that ERISA's § 1132 serve as the exclusive civil

enforcement scheme for ERISA plans.  In this regard, the Supreme Court specifically held:

> In sum, the detailed provisions of [§ 1132(a)] set forth a
> comprehensive civil enforcement scheme that represents a careful
> balancing of the need for prompt and fair claim settlement
> procedures against the public interest and encouraging the
> formation of employee benefit plans.  The policy choices reflect
> that in the inclusion of certain remedies and the exclusion of others
> under the federal scheme would be completely undermined if
> ERISA-plan participants and beneficiaries were free to obtain
> remedies under state law that Congress rejected in ERISA . . . the
> deliberate care with which ERISA's civil enforcement remedies
> were drafted and the balancing of policies embodied in its choice
> of remedies argues strongly for the conclusion that ERISA's civil
> enforcement remedies were intended to be exclusive.

<u>Pilot Life</u>, 481 U.S. at 54.  The exclusivity of ERISA's civil remedy provisions, combined with

ERISA's broad preemption clause and the fact that ERISA makes no mention of compensatory,

consequential or punitive damages, led the Supreme Court in <u>Pilot Life</u> to hold that a participant

or beneficiary making a claim for ERISA plan benefits may not supplement his claim for

benefits with state law compensatory or punitive damage claims.

The decision in <u>Pilot Life</u>, which barred state law claims for extra-contractual compensatory and punitive damages under ERISA, was based, to some extent, upon a prior Supreme Court opinion in which the Court held that ERISA's exclusive civil remedy provisions do not provide a private cause of action under federal law for extra-contractual compensatory and punitive damages. <u>Massachusetts Mutual Life Ins. Co. v. Russell</u>, 473 U.S. 134 (1985). The <u>Russell</u> Court expressed its reluctance to "tamper with an enforcement scheme crafted with such evident care as the one in ERISA," and its position that "Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." <u>Id.</u> at 146-147.

In <u>Russell</u>, a plan participant sought extra-contractual compensatory and punitive damages as a result of the plan administrator's alleged breach of fiduciary duties under ERISA. Plaintiff based her claim upon 29 U.S.C. § 1109 and its companion enforcement subsection, 29 U.S.C. § 1132(a)(2). The Court held that there was no <u>express</u> private cause of action for damages under either 29 U.S.C. § 1109 or 29 U.S.C. § 1132(a)(2), and any recovery for breach of fiduciary duties was intended to inure to the benefit of the plan as a whole rather than to a particular individual:

> [T]he entire text of [§ 1109] persuades us that Congress did not intend that section to authorize any relief except for the plan itself. In short . . . We do not find in [§ 1109] express authority for an award of extra-contractual damages to a beneficiary.

<u>Russell</u>, 473 U.S. at 144. The Court also concluded that there was no <u>implied</u> right of action for such damages under ERISA. This conclusion was based, in large part, upon a review of the civil enforcement provisions of ERISA [29 U.S.C. § 1132] and the absence in those provisions of any reference to extra contractual or punitive remedies. <u>Id.</u> at 146-48. The Court held that there is no express or implied private cause of action for extra contractual compensatory, consequential or punitive damages for breach of fiduciary duties under ERISA, 29 U.S.C. § 1132(a)(2).

Although the Court in <u>Russell</u> did not address whether compensatory, consequential or punitive damages were available as "other appropriate equitable relief" under 29 U.S.C. § 1132(a)(3 ), the issue was resolved by the Supreme Court in <u>Mertens</u>. <u>Mertens</u>, <u>supra</u> (holding that suits against non-fiduciaries were not authorized by ERISA, and that suits for damages are not permissible as "other appropriate equitable relief" under 29 U.S.C. § 1132(a)(3)). The Court addressed two (2) possible definitions of the term "other appropriate equitable relief," noting that the term could be defined as the type of relief historically available in breach of trust cases in courts of equity (including some damages), or its definition could be limited to those types of remedies traditionally viewed as equitable.  The Court decided that Congress intended to limit "other appropriate equitable relief" to "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)."  <u>Id.</u> at 256.  The Court held that plaintiffs' claim for compensatory damages (described by the Court as "a classic form of *legal* relief") did not fit within the definition of "other equitable relief" and could not be maintained under ERISA.

More recently, the Supreme Court reaffirmed the exclusivity of ERISA's remedies in <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200 (2004).  In <u>Davila</u>, the Supreme Court unanimously rejected an attempt by two plaintiffs to circumvent ERISA and pursue lawsuits under Texas statutory law.  The Supreme Court held that "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear Congressional intent to make the ERISA remedy exclusive and is therefore preempted." <u>Id.</u> at 209.  The Supreme Court reiterated Congress's intent that the ERISA civil enforcement scheme be exclusive and noted that it would be undermined if state causes of action were permitted to supplement the ERISA remedies, even if the elements of the state cause of action did not

14

precisely duplicate the elements of an ERISA claim. Id.  See also Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002).

The decisions of the Third Circuit and virtually every circuit court that has addressed this issue are consistent with the Pilot Life, Russell and Mertens line of Supreme Court authority in limiting the available remedies under 29 U.S.C. § 1132(a) to equitable relief and, thereby, prohibiting the recovery of compensatory or punitive damages.  As the Third Circuit reasoned:

> The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.  The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted … provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate.

Wood v. Prudential Insurance Company of America, 207 F.3d 674, 679 (3d Cir. 2000), cert. denied (2000).  In Wood, the Third Circuit held that the plaintiff's claim for money damages arising out of allegedly unlawful termination by his employer to avoid paying benefits was preempted by ERISA as they were not provided for under ERISA's remedial scheme.  Id.

In Barber v. Unum Life Insurance Company of America, 383 F.3d 134 (3d Cir. 2004), the Third Circuit addressed conflict preemption under ERISA and held:

> Reading Pilot Life, Rush Prudential, and Aetna Health together, a state statute is preempted by ERISA if it provides "a form of ultimate relief in a judicial forum that added to the judicial remedies provided by ERISA," Rush Prudential, 536 U.S. at 379, or stated another way, if it "duplicates, supplements or supplants the ERISA civil enforcement remedy." Aetna Health, 524 U.S. at ---, (citing Pilot Life, 481 U.S. at 54-56. 42 Pa.C.S. § 8371 is such a statute because it is a state remedy to recover punitive damages for bad faith conduct by insurers, supplementing the scope of relief granted by ERISA.  Accordingly, 42 Pa.C.S. § 8371 is subject to conflict preemption.

Id. at 140-141.   See also Cox v. Keystone Carbon Company, 861 F.2d 390, 392 (3d Cir. 1988)("The Supreme Court explicitly rejected the notion that courts are free to create remedies outside the scope of the 'six carefully integrated civil enforcement provisions found in § 502(a)' of ERISA.").

In Pane, the Third Circuit held that punitive damages were not available in an ERISA action to recover for the employer corporation's refusal to grant benefits to an employee under a severance agreement during a tender offer for corporation's shares.  Pane, 868 F.2d at 631; see also DiFelice v. Aetna U.S. Healthcare, 346 F.3d. 442 (3d Cir. 2003) (recognizing Supreme Court authority that disallows any recovery of punitive or compensatory damages under ERISA).

Likewise, this Court, pursuant to Supreme Court and Third Circuit authority, has held that punitive and exemplary damages are not available under ERISA.   In Benvenuto v. Connecticut General Life Insurance Company, 678 F. Supp. 469, 474 (D.N.J. 1988), this Court recognized "the overwhelming authority supporting the principle that neither extra contractual nor punitive damages, as a matter of law, are available to an individual [ERISA] plan participant under ERISA § 502(a)(2) or (3)." See also Tortoro v. H.A. De Hart & Son, Inc. Employee Stock Ownership Plan and Trust, No. 92-3449, 1994 WL 114562, n. 11 (D.N.J. Mar. 29, 1994), aff'd 39 F.3d 1171 (3d Cir. 1994) (holding that punitive and extra contractual damages are not available under ERISA); Gramm v. Bell Atlantic Management Pension Plan, 983 F. Supp. 585 (D.N.J. 1997) (holding that the plaintiff was not entitled to compensatory or punitive damages under ERISA).

Pursuant to this authority, NJBSC's only remedy against Guardian is under ERISA for a declaration of entitlement to ERISA plan benefits.  Thus, even if the Court were to interpret any of NJBSC's causes of action as a cause of action against Guardian for ERISA plan benefits,

16

plaintiff's claims for damages beyond ERISA plan benefits should still be stricken from the Complaint.  To the extent that NJBSC asserts claims for damages or remedies not specifically permitted under ERISA's exclusive civil enforcement scheme, Guardian respectfully submits that NJBSC's damage claims should be stricken.

## POINT III

## NJBSC'S DEMAND FOR A TRIAL BY JURY SHOULD BE STRICKEN

As discussed above, NJBSC may only assert causes of action and seek relief provided for under ERISA.  As the relief provided by 29 U.S.C. § 1132 is equitable in nature, NJBSC does not have a right to a jury trial under ERISA.   Therefore, NJBSC's jury demand should be stricken.

29 U.S.C. § 1132(a)(1) provides:

> A civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1).  NJBSC may only seek to recover benefits due under an ERISA plan of insurance.  When an action is brought to recover benefits under ERISA, there is no right to a jury trial.  Cox, 861 F.2d 390.  As the Third Circuit in Pane reasoned:

> Those causes of action authorized by section 502(a)(3) are by its terms explicitly equitable, and we have held that there is no right to a jury trial for them. Cox v. Keystone Carbon Co., 861 F.2d 390 (3d Cir.1988).

> Those causes of action authorized by section 502(a)(1)(B) are not explicitly denominated as equitable. In Turner v. CF & I Steel Corp., 770 F.2d 43, 48 (3d Cir.1985), however, we held that the section 502(a)(1)(B) cause of action for the recovery of benefits was equitable in nature. In so holding, we joined other courts of

appeals which had previously rejected the claim that in a suit for the recovery of benefits under an ERISA employee benefit plan a litigant was entitled to a jury trial. <u>Berry v. Ciba-Geigy Corp.</u>, 761 F.2d 1003, 1007 (4th Cir.1985); <u>Blau v. Del Monte Corp.</u>, 748 F.2d 1348, 1357 (9th Cir.1984); <u>Katsaros v. Cody</u>, 744 F.2d 270, 278 (2d Cir.), *cert. denied,* 469 U.S. 1072 (1984); <u>In re Vorpahl</u>, 695 F.2d 318, 319 (8th Cir.1982); <u>Calamia v. Spivey</u>, 632 F.2d 1235, 1237 (5th Cir.1980); <u>Wardle v. Central States Pension Fund</u>, 627 F.2d 820 (7th Cir.1980), *cert. denied,* 449 U.S. 1112 (1981). Since <u>Turner</u>, one of those courts has reiterated this holding. <u>Nevill v. Shell Oil Co.</u>, 835 F.2d 209, 213 (9th Cir.1987). Another court of appeals has endorsed it. <u>Howard v. Parisian, Inc.</u>, 807 F.2d 1560, 1567 (11th Cir.1987 ). Pane urges that these authorities, <u>Turner</u> especially, are distinguishable because in this instance his claim is against his employer and not against a separate trust fund. In fact, however, the <u>Turner</u> suit was against an employer for benefits in excess of those provided by a funded plan. Thus the <u>Turner</u> suit, like this one, sought to impose liability on an employer, not simply a separate fund. Thus <u>Turner</u> is directly on point and controlling.

<u>Pane</u>, 868 F.2d at 636.  See also, <u>Turner v. CF & I Steel Corp.</u>, 770 F.2d 43, 47 (3d Cir. 1985),

cert. denied 474 U.S. 1058 (1986) ("We therefore find ourselves in agreement with the other

Courts of Appeals which have held that no jury trial is required in suits under Section

502(a)(1)(B) by a beneficiary or participant against a trustee."); <u>Killian v. Johnson & Johnson</u>,

No. 07-4902, 2008 WL 320533, *3 (D.N.J. Jan. 29, 2008) ("The Third Circuit has consistently

held that there is no right to a jury trial in suits brought under ERISA Section 502(a)(1)(B).")

The Third Circuit is not alone in its findings.  See, e.g., <u>Borst v. Chevron Corp.</u>, 36 F.3d 1308,

1323-24 (5th Cir. 1994), cert. den., 514 U.S. 1066 (1995); <u>Daniel v. Eaton Corp.</u>, 839 F.2d 263,

268 (6th Cir.), cert. den., 488 U.S. 826 (1988).

As discussed above, NJBSC's sole right to recovery in this matter would be to recover

benefits due under the Plan pursuant to ERISA.  To the extent that NJBSC asserts a claim under

ERISA, the jury demand should be stricken as there is no right to a jury trial under ERISA.

## CONCLUSION

For all of the foregoing reasons, Guardian respectfully requests that this Court grant its motion to dismiss the Complaint.   In the alternative, Guardian respectfully requests that the Court strike the claims against Guardian for compensatory damages, interest, costs of suit, attorney's fees, and other damages beyond those permitted under ERISA, and that the Court strike NJBSC's demand for a jury trial.

MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendant, The Guardian Life Insurance Company of America, improperly pleaded as "Guardian Life Insurance Co."

By: _____

Robert L. Ghelli

19